UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL CARRICO, )
)
        Petitioner, )
)
     v. ) No. 1:18-cv-01723-WTL-MJD
)
D. ZATECKY, )
)
        Respondent. )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Michael Carrico's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as ISR 18-01-0054. For the reasons explained in this Entry, Mr. Carrico's petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

ISR 18-01-0054 was based on the following conduct report drafted on January 5, 2018, by Officer D. Davis:

> On 1/5/18 at aprox 930AM I Ofc. D. Davis was searching Offender Carrico, Michael # 106495 / 21 / 4r's property. In my search of this offenders property i OFC Davis did find hidden in his cooler a black Samsung cell phone along with charger and cord.

Dkt. 11-1.

Officer Davis completed an Evidence Record documenting that the phone, charger, and cord were delivered to Internal Affairs (IA) on January 5. Dkt. 7-2. The Evidence Record does not document who received these items or at what time they were received. The phone, charger, and cord were all photographed with the Evidence Record. *Id.* Officer Davis also completed a Notice of Confiscated Property documenting that the cell phone, charger, and cord were confiscated and forwarded to IA because they were not permitted. Dkt. No. 11-3.

On January 22, 2018, Mr. Carrico received a screening report notifying him that he had been charged with possession of a cellular device in violation of Code A-121 of the Indiana Department of Correction's (IDOC) Adult Disciplinary Process. Dkt. No. 11-4. Mr. Carrico signed the screening report and did not request to call any witnesses or present any physical evidence. *Id.*

Mr. Carrico was found guilty at a disciplinary hearing on January 30, 2018. Dkt. No. 11-7. The hearing report indicates that the hearing officer reviewed staff reports, Mr. Carrico's statement, and the photographs of the phone, charger, and cord with the Evidence Record. *Id.* The hearing officer found Mr. Carrico guilty based on a preponderance of the evidence. *Id.* The sanctions against Mr. Carrico included a written reprimand; 45 days' loss of phone, kiosk, and commissary privileges; six months' confinement to disciplinary restrictive housing; the imposition

of a previously suspended sanction of six months' confinement to disciplinary restrictive housing; 180 days' earned credit time deprivation; and demotion from credit class 1 to credit class 2. *Id.*

Mr. Carrico unsuccessfully appealed his disciplinary conviction to the facility head and to the final reviewing authority. *See* Dkt. Nos. 11-8, 11-9, 11-10.

### III. Analysis

Mr. Carrico asserts five challenges against his disciplinary conviction. Before addressing those challenges on the merits, the Court finds it helpful to clarify the scope of this habeas action and the issues under review by this Court.[1]

**A.   Scope of Proceeding**

The records before the Court show that Mr. Carrico was the subject of multiple disciplinary proceedings around the same time for possessing or using a cellular device. Two of the arguments for relief Mr. Carrico presents to this Court—that the numerous charges against him were duplicative and redundant and that the sanctions against him were excessive—arise from the fact that he was charged and disciplined multiple times for similar or related offenses.

Despite his many convictions around the same time, the petition under review in this case challenges only one disciplinary proceeding: ISR 18-01-0054. This is proper. Rule 2(e) of the *Rules Governing Section 2254 Cases in the United States District Courts* mandates that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." As such, the only question before this Court is whether the disciplinary proceeding conducted in ISR 18-01-0054 (or the sanctions assessed as

---

[1] The Court acknowledges the respondent's argument that Mr. Carrico failed to raise some of the arguments below in his administrative appeals. Nevertheless, the Court finds that judicial economy is best served by resolving these claims on their merits. *See Brown v. Watters,* 599 F.3d 602, 609–10 (7th Cir. 2010) (noting that the Supreme Court's "cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first" but do not "'mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be'") (quoting *Lambrix v. Singletary,* 520 U.S. 518, 525 (1997)).

3

a result of it) deprived Mr. Carrico of one of the four due process rights guaranteed by *Wolff* and *Hill.*

The fact that the Court's review is limited to ISR-18-01-0054 immediately disposes of two of Mr. Carrico's arguments.

First, Mr. Carrico cannot obtain habeas relief by arguing that the numerous charges against him were duplicative or redundant. Simply put, "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta,* 105 F. App'x 855, 858 (7th Cir. 2004). Although the double jeopardy clause prohibits multiple "punishments" for the same offense, "[p]rison discipline . . . does not constitute 'punishment' . . . for double jeopardy purposes." *Singleton v. Page,* 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) (citing *Garrity v. Fiedler,* 41F.3d 1150, 1151-52 (7th Cir. 1994)). Whether the multiple proceedings were duplicative or redundant is of no concern in this habeas action.

Second, Mr. Carrico's argument that the sanctions against him were excessive is rendered moot by the absence of a double jeopardy concern. Mr. Carrico concedes that "[i]ndividually, these sanctions do not seem excessive." Dkt. No. 1 at 7. Because the Court may only concern itself with whether Mr. Carrico was afforded due process in this individual case, and because Mr.Carrico concedes that the sanctions assessed in this case were not excessive, his sanctions do not present any basis for habeas relief.

**B.    Incomplete Evidence Record**

Mr. Carrico argues that the prison staff's failure to complete the entire Evidence Record violates IDOC policy, breaks the chain of custody of the contraband, and therefore entitles him to habeas relief. This argument is problematic on several fronts.

First, whether the prison staff completed the Evidence Record according to IDOC policy is irrelevant to Mr. Cairico's habeas petition. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner,* 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue* , 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis,* 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire* , 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Second, a defect in a chain of custody does not automatically amount to a due process violation that would undo a prison disciplinary conviction. *See Webb* v. *Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) ("We regard the two omissions in the documentary trail as significant, but not so material as to preclude prison officials from relying on the documents as evidence of Webb's marijuana usage."). So long as there remains "some evidence" to support the hearing officer's decision, omissions in the chain of custody documentation do not deprive an inmate of due process. *Id.* at 653 (concluding that, despite omissions, "we cannot say that the toxicology report and chain of custody form fail to qualify as 'some evidence from which prison officials could conclude that Webb had used marijuana").

Finally, it is not clear that the "chain of custody" is even a relevant issue in Mr. Carrico's case. The hearing report indicates that the hearing officer reviewed photographs of the confiscated

phone, charger, and cord with the Evidence Record. Dkt. No. 11-7. These photographs are "some evidence" that the contraband was confiscated from Mr. Carrico's cell as described in the conduct report. It is not as though the contraband was presented directly to the hearing officer and there was no documentation to verify that they were the same items allegedly confiscated from Mr. Carrico's cell. Simply put, what happened to the contraband after it was photographed is irrelevant.

**C.     Imposition of Suspended Sanctions**

Mr. Carrico argues that it was improper for the hearing officer to impose the previously suspended sanction of time in disciplinary segregation. Whether it was proper for the hearing officer to impose this sanction under IDOC policy is irrelevant to this habeas proceeding. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). To be considered "in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001). Mr. Carrico's confinement to disciplinary segregation—even if it was wrongful—does not affect his "custody" for purposes of § 2254 and therefore cannot form the basis for habeas relief.

**D.     Error in Administrative Appeal**

Finally, Mr. Carrico argues that he was denied due process because the prison officials who reviewed his administrative appeals did not grant him relief on the same argument that another prisoner used successfully. However, there is no due process right to an administrative appeal, so no error during the administrative appeal process can justify habeas relief. In *Wolff,* the Supreme

Court made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff,* do not include any safeguards during an administrative appeal—even a right to appeal at all. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001).

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Carrico's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Carrico's petition for a writ of habeas corpus must be **denied,** and the action **dismissed.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/9/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL CARRICO
106495
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov